UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REUBEN HERRERRA and
RICO MENEFEE,

          CASE NO. 5:10-CV-11215

    Plaintiffs,   JUDGE JOHN CORBETT O'MEARA
          MAGISTRATE JUDGE PAUL J. KOMIVES

v.

MICHIGAN DEPARTMENT
OF CORRECTIONS, et al.,

    Defendants,
_____/

### REPORT AND RECOMMENDATION REGARDING SEVERAL MOTIONS
### (Doc. Entries 24, 32, 34, 37, 44, 62, 63, 86 and 96)

Table of Contents

I.  RECOMMENDATION ................................................................. 2

II.  REPORT ................................................................................ 2
  A.  Plaintiffs Filed Their Complaint on March 26, 2010. ................................. 2
  B.  Service of the Complaint upon Three (3) Defendants Is Still in Process. .................. 3
  C.  The MDOC Defendants Have Filed Motions Challenging the Adequacy of the Complaint. .... 4
  D.  The CMS / PHS Defendants Have Also Challenged the Complaint. ....................... 6
  E.  Plaintiffs' Have Filed Several Motions, Some of Which Seek to Amend the Complaint. ....... 7
  F.  Fed. Rules Civ. P. 8 and 10 ........................................................ 8
  G.  Plaintiffs' Complaint Does Not Comply with Rules 8(a)(2), 8(d)(1), 10(a) or 10(b); Therefore, the Motions for More Definite Statement (Doc. Entries 62 and 86) Should Be Granted. .......... 9
  H.  Plaintiffs' Complaint Suffers from Some Deficiencies, but a Rule 12(b)(6) Motion (Doc. Entries 24, 32, 44, 63 and 96) is Better Addressed after Plaintiffs Have Had an Opportunity to File a More Definite Statement. ................................................................. 14
  I.  Dismissal under Rule 41(b) (Doc. Ent. 24) Would Be Premature. ....................... 22
  J.  Plaintiff's Motions for Entry of Default Judgment as to Defendants Lesley, McMillan and Lange (Doc. Entries 34 and 37) Should Be Denied. ......................................... 26

III.  NOTICE TO PARTIES REGARDING OBJECTIONS ...................................... 27

I.  **RECOMMENDATION:** The Court should grant the CMS (Correctional Medical Services) / Prison Health Services (PHS) defendants' two (2) motions for a more definite statement (Doc. Entries 62 and 86) and permit plaintiffs to file a more definite statement - in the form of an amended complaint - which complies with Fed. Rules Civ. P. 8 and 10. *See* Section II.G.

If the Court agrees with this recommendation, it should also deny the MDOC defendants' three (3) motions to dismiss (Doc. Entries 24, 32 and 44) and the CMS / PHS defendants' motions to dismiss / for summary judgment (Doc. Entries 63 and 96) without prejudice to renewal after plaintiffs are given an opportunity to file their more definite statement in the form of an amended complaint which complies with Fed. Rules Civ. P. 8 and 10. *See* Sections II.H and II.I.

Also, the Court should deny plaintiffs' September 2, 2010 motion for default judgment as to defendant Lesley (Doc. Ent. 34) and plaintiffs' motion for entry of default judgment as to Lesley, McMillan and Lange (Doc. Ent. 37). *See* Section II.J.[1]

II.  **REPORT:**

A.  **Plaintiffs Filed Their Complaint on March 26, 2010.**

_____

[1]The pending discovery-related motions (Doc. Entries 38, 65, 93, 95, 106, 107), plaintiffs' November 29, 2010 second motion for temporary restraining order and/or preliminary injunction (Doc. Ent. 53) and plaintiffs' January 18, 2011 motion (Doc. Ent. 88) opposing the substituted appearance of counsel and requesting a stay of proceedings will each be addressed under separate cover. Furthermore, plaintiffs' attempts to amend their complaint (Doc. Entries 70 and 87) will also be addressed under separate cover.

Plaintiffs Reuben Herrerra (#115094) and Rico Menefee (#187022)[2] filed this lawsuit on March 26, 2010 while incarcerated at Thumb Correctional Facility (TCF) in Lapeer, Michigan. Doc. Ent. 1 at 28. Herrerra is currently incarcerated at TCF, and Menefee is currently incarcerated at the Newberry Correctional Facility (NCF) in Michigan's Upper Peninsula.

Plaintiffs' initial filing is 237 pages in length, consisting of a complaint (pp. 1-28); a cover letter (p. 29); a summons (p. 30); an Index of Exhibits (p. 31); Exhibit 1 (pp. 32-33) and Exhibits A through Y (pp. 34-50, as well as Doc. Ent. 1-2 at 1-50, Doc. Ent. 1-3 at 1-50, Doc. Ent. 1-4 at 1-50 and Doc. Ent. 1-5 at 1-37).

Plaintiffs' concurrently filed motions for appointment of counsel (Doc. Ent. 2) and for class certification (Doc. Ent. 3) were denied as moot. Doc. Ent. 7. Plaintiffs have paid the filing fee. Doc. Ent. 9.

**B.    Service of the Complaint upon Three (3) Defendants Is Still in Process.**

At this time, appearances of counsel have been entered on behalf of ten (10) defendants: Patricia Caruso, George Pramstaller and Jeffrey Stieve (Doc. Ent. 13); Larry McMillan, Crystal Lesley and Nancy Lange (Doc. Ent. 31); Armstrong and Khan (Doc. Entries Doc. Ent. 43, 46, 47, 56-58); Mass (Doc. Entries 59-61) and Piper (Doc. Entries 81-85).[3] Defendant Khan has filed an

---

[2]Menefee has filed other prisoner civil rights or prisoner conditions lawsuits in this Court, including *Menefee v. Pramstaller*, No. 06-12922-RHC-VMM (Prisoner Civil Rights); *Menefee v. United Parcel Service*, No. 05-74892-LPZ-DAS (Prisoner Civil Rights); *Menefee v. Hammond*, No. 04-10155-DML-CEB (Prison Conditions); *Menefee v. Hall*, No. 01-70924-JCO (Prisoner Civil Rights); *Menefee v. Wayne County Jail Department of Food*, No. 01-73884-BAF-TAC (Prisoner Civil Rights); *Menefee v. Belfior*, No. 00-75492-PJD (Prison Conditions).

[3]On December 28, 2010, a substituted appearance of counsel was filed on behalf of defendants Caruso, Pramstaller, Stieve, McMillan, Lesley, Lange and Armstrong. Doc. Ent. 72.

answer to the complaint (Doc. Ent. 48) as well as affirmative defenses (Doc. Ent. 49).[4]  Also, defendant MDOC has appeared; on January 25, 2011, the waiver sent to defendant MDOC was returned executed; although no appearance of counsel has been entered on behalf of this defendant, the MDOC's answer is due on March 11, 2011.[5]

Accordingly, it appears that three (3) of the intended defendants (Hammond, Fundunburks and Morris) have not yet been served.   On December 29, 2010, I entered an order regarding service of process upon these defendants.  Doc. Ent. 74.  On January 7, 2011, the U.S. Marshal attempted service upon these defendants by mail.  On or about January 19, 2011, the waivers of service mailed to defendants Hammond and Morris were returned unexecuted on the basis that they were not at the addresses provided.

On February 3, 2011, the Attorney General informed the Court that there is "a contractual employee, Brad Morris, who is a Physician's Assistant, currently assigned at the Reception and Guidance Center.  PA Morris is an employee of PHS."  Doc. Ent. 94 at 2.

### C.   The MDOC Defendants Have Filed Motions Challenging the Adequacy of the Complaint.

Judge O'Meara has referred this case to me to conduct pretrial proceedings.  Doc. Ent. 30. Currently before the Court are several motions by MDOC defendants challenging the complaint:

**1.**    On August 9, 2010, MDOC defendants Patricia Caruso, Dr. Jeffrey Stieve and Dr. George Pramstaller filed a motion for dismissal under Fed. Rules Civ. P. 41(b) and 12 (b)(6), and on the basis of immunity.  Doc. Ent.  24.  Therein, they argue:

---

[4]On December 6, 2010, plaintiffs filed a response to Khan's affirmative defenses.  Doc. Ent. 65.

[5]I do note that on February 3, 2011, the MDOC filed a response (Doc. Ent. 94) to my December 29, 2010 order (Doc. Ent. 74).

I.      Two State prison inmates proceeding pro se purport to assert claims on
        behalf of a class of prisoners in a rambling filing which fails to comport
        with basic pleading requirements. Should the Complaint be dismissed
        pursuant to Fed. R. Civ. P. 41(b)?

II.     There are no complaint allegations demonstrating Defendants Caruso's,
        Stieve's and Pramstaller's personal involvement in constitutional
        deprivations. Further individual capacity claims asserted pursuant to 42
        U.S.C. § 1983 are barred by qualified immunity absent a showing of a
        constitutional violation; and the Eleventh Amendment bars official capacity
        claims. Are the defendants entitled to dismissal for failure to state a claim
        pursuant to Fed. R. Civ. P. 12(b)(6) and on the basis of immunity?

Doc. Ent. 24 at 4.  On September 20, 2010, plaintiffs filed a response.  Doc. Ent. 36 at 1-10.

**2.**      On August 27, 2010, MDOC defendants McMillan, Lesley and Lange filed a Rule

12(b)(6) motion for dismissal.  Doc. Ent. 32.  Therein, they assert that "[A] The claims against

Defendant McMillan are based solely on averments of improper grievance handling, which

implicate no federal constitutional right; [B] The claims against Defendant Lesley are based

solely on averments [of] the deprivation of personal property and the plaintiffs fail to aver and

demonstrate the unavailability of state post-deprivation remedies; and [C] The claims against

Defendant Lange are based solely on allegations that she is a Health Unit Manager who had

conversations with one of the plaintiffs regarding the health care provided by his treating

physicians."  Doc. Ent. 32 at 5.

On September 2, 2010, plaintiffs filed a motion for entry of default judgment as to

defendant Lesley.  Doc. Ent. 34.  On September 21, 2010, I entered an order requiring any

response to be filed by October 22, 2010.  Doc. Ent. 35.  On the same day that I entered this

scheduling order, plaintiffs filed a motion for entry of default judgment as to defendants Lesley,

McMillan and Lange.  Doc. Ent. 37.

**3.**     On November 8, 2010, MDOC defendant Armstrong filed a motion for dismissal under

Fed. R. Civ. P. 12(b)(6) and on the basis of immunity.  Doc. Ent. 44.  Specifically, Armstrong

argues:

> I.     The plaintiffs' allegations fail to demonstrate Defendant Armstrong's
>        personal involvement in the activity that forms the basis of the complaint.
>
> II.    The plaintiff's claims are barred by the doctrine of qualified immunity.
>
> III.   The plaintiffs' official capacity claims § 1983 claims are barred by the
>        Eleventh Amendment; and the plaintiffs have averred no facts implicating
>        the ADA or the RA.

Doc. Ent. 44 at 9-13.

Plaintiff Menefee filed a response on November 22, 2010.  Doc. Ent. 52.[6]

**D.     The CMS / PHS Defendants Have Also Challenged the Complaint.**

**1.**     On December 3, 2010, defendants Khan and Mass filed a Fed. R. Civ. P. 12(e)[7] motion for

more definite statement.  Doc. Ent. 62.  On December 22, 2010, plaintiff Menefee filed a response

to the Rule 12(e) motion.  Doc. Ent. 69.  On December 30, 2010, defendants Khan and Mass filed

a reply.  Doc. Ent. 75.

---

[6]On December 2, 2010, I entered an order requiring any response to the November 8, 2010 motion to dismiss to be filed by December 22, 2010.  Doc. Ent. 55.

[7]Fed. R. Civ. P. 12(e) provides that, "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order."

2.      Also on December 3, 2010, defendant Khan filed a motion to dismiss and/or for summary judgment. Doc. Ent. 63; *see also* Doc. Ent. 64 (Exhibit E). On December 8, 2010, I entered an order setting the response deadline for January 12, 2011. Doc. Ent. 66.

3.      On January 13, 2011, defendant Piper filed a motion for a more definite statement under Fed. R. Civ. P. 12(e). Doc. Ent. 86. Plaintiffs filed a response on January 24, 2011. Doc. Ent. 89. On February 3, 2011, defendants Khan, Mass and Piper filed a reply. Doc. Ent. 92. Plaintiffs filed a sur-reply on February 18, 2011. Doc. Ent. 102.

On February 25, 2011, defendants Khan, Mass and Piper filed a reply. Doc. Ent. 108.

4.      On February 9, 2011, defendant Piper filed a motion to dismiss and/or for summary judgment. Doc. Ent. 96; *see also* Doc. Entries 97 (Exhibit B1) and 98 (Exhibit B2). On February 17, 2011, I entered an order setting the deadline for plaintiffs' response for March 17, 2011. Doc. Ent. 101. On February 22, 2011, plaintiff Menefee filed a response. Doc. Ent. 105. Defendant Piper filed a reply on March 1, 2011. Doc. Ent. 109.

**E.      Plaintiffs' Have Filed Several Motions, Some of Which Seek to Amend the Complaint.**

1.      On November 29, 2010, plaintiffs filed a second motion for temporary restraining order and/or preliminary injunction. Doc. Ent. 53. On December 1, 2010, defendant Khan filed a response. Doc. Ent. 54. On December 29, 2010, defendants Khan and Mass filed a response. Doc. Ent. 73. On December 30, 2010, plaintiffs filed a reply. Doc. Ent. 77.

2.      On December 22, 2010, plaintiffs filed a Fed. R. Civ. P. 15(a) motion for leave to amend the complaint to include Hammond as a defendant. Doc. Ent. 70. Defendant Khan filed a response on December 30, 2010. Doc. Ent. 76. On January 6, 2011, defendants Khan and Mass filed a response. Doc. Ent. 79.

7

**3.**     On January 18, 2011, plaintiffs filed a motion to join claims of inhumane monstrous living conditions at NCF.  Doc. Ent. 87.  On January 25, 2011, defendants Khan and Piper filed a response.  Doc. Ent. 90.  On February 1, 2011, defendants Khan, Mass and Piper filed a response.  Doc. Ent. 91.  On February 14, 2011, Menefee filed a reply.  Doc. Ent. 99.

**4.**     On January 18, 2011, plaintiffs filed a motion (Doc. Ent. 88) opposing the December 28, 2010 substituted appearance of counsel (Doc. Ent. 72) and requesting a stay of proceedings.

**F.     Fed. Rules Civ. P. 8 and 10**

MDOC Defendants Caruso, Stieve and Pramstaller's August 9, 2010 Motion Cites Rules 8 and 10.  Doc. Ent. 24 at 5, 9.  So do the CMS / PHS defendants' December 3, 2010 motion for a more definite statement (Doc. Ent. 62 at 7, 13) and January 13, 2011 motion for a more definite statement (Doc. Ent. 86 at 6, 12).

The general rules of pleading are set forth in Fed. R. Civ. P. 8.  "A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief."  Fed. R. Civ. P. 8(a).  Furthermore, "[e]ach allegation must be simple, concise, and direct.  No technical form is required."  Fed. R. Civ. P. 8(d)(1).  "Pleadings must be construed so as to do justice."  Fed. R. Civ. P. 8(e).

The form of a pleading is governed by Fed. R. Civ. P. 10.  This rule specifically provides that "[e]very pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation.  The title of the complaint must name all the parties; the title of other pleadings,

8

after naming the first party on each side, may refer generally to other parties." Fed. R. Civ. P. 10(a). Furthermore, "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence–and each defense other than a denial–must be stated in a separate count or defense." Fed. R. Civ. P. 10(b).

**G.   Plaintiffs' Complaint Does Not Comply with Rules 8(a)(2), 8(d)(1), 10(a) or 10(b); Therefore, the Motions for More Definite Statement (Doc. Entries 62 and 86) Should Be Granted.**

**1.**   With respect to Fed. R. Civ. P. 8(a)(1), the complaint does not set forth a statement of jurisdiction by citing 28 U.S.C. § 1331 ("Federal question"), 28 U.S.C. § 1332 ("Diversity of citizenship; amount in controversy; costs"), 28 U.S.C. § 1343 ("Civil rights and elective franchise"), 28 U.S.C. § 1367 ("Supplemental jurisdiction"), etc. *See* Doc. Ent. 1 at 1-4. However, giving them the benefit of the doubt as pro se plaintiffs, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Civil Cover Sheet for Prisoner Cases lists the basis for jurisdiction as "federal question" and the nature of suit as "civil rights," Doc. Ent. 1-5 at 38. Furthermore, plaintiffs assert that their action is brought pursuant to the ADA, the 1st, 5th, 6th, 8th and 14th Amendments, and state laws. Doc. Ent. 1 at 1-2; *see also* Doc. Ent. 25. Therefore, the Court should construe its jurisdiction over plaintiffs' complaint as based upon federal question and supplemental jurisdiction over any state claims.

**2.**   Plaintiffs' complaint does not comply with Fed. R. Civ. P. 10(a). As discussed in my August 31, 2010 order, "Defendant Vallier Hammond" (who is not listed in the case caption) is

mentioned in the complaint (Doc. Ent. 1 at 6-7).  Furthermore, plaintiffs claim that the

defendants' names "are listed on the first step grievance forms[.]" Doc. Ent. 1 at 3 ¶ 7.

Consistent with Fed. R. Civ. P. 10(a), the list of defendants in plaintiffs' caption to their

complaint should match the defendants identified within the complaint.  It appears that plaintiffs

intended to name fourteen (14) defendants.  This is so, because the "Statement of Facts" section

of the complaint, Doc. Ent. 1 at 4-17, mentions MDOC, Caruso, Armstrong, Pramstaller, Strieve,

Hammond, Piper, Lange, Morris, Khan, Mass, Lesley, McMillan and Fundunburks.[8]

In sum, plaintiffs' identification of defendants should be clarified, both in the case caption

and in the body of the complaint.

**3.**      Also, plaintiffs' twenty-eight (28) page complaint does not comply with Rules 8(a)(2),

8(d)(1) or 10(b).  In other words, plaintiffs' claims and allegations should be better organized.

For example, the "Statement of Facts," Doc. Ent. 1 at 4-17, is not set forth in numbered

paragraphs.  Nor is the "Historical Review of the New Health Care System[,]" Doc. Ent. 1 at 17-

20.  Furthermore, the portion of the complaint titled, "Issues and Medical Issues That Are to Be

Considered[,]" Doc. Ent. 1 at 20-25, appears intended to contain six (6) numbered sections, at

least three of which contain questions, *see* Doc. Ent. 1 at 20; this is not a form that can be

admitted or denied and defendants should be able to "reasonably prepare a response."  Fed. R.

Civ. P. 12(e) ("Motion for a More Definite Statement.").

Then, throughout the twenty-eight (28) pages of plaintiffs' complaint, plaintiff specifically

mentions the Americans with Disabilities Act, 42 U.S.C. § 12204 ("Regulations by Architectural

---

[8]The complaint also mentions O'Dell, Stevenson, Morgan, Funcsion, and Topham; however,
it is not clear whether these are intended defendants. Doc. Ent. 1 at 13-14, 17.

and Transportation Barriers Compliance Board"); the First, Fifth, Sixth, Eighth and Fourteenth Amendments; Mich. Comp. Laws § 768.36 ("Verdict or plea of guilty but mentally ill; requirements; sentence; treatment; conditions for parole and probation"), MSA § 28.1059; *People v. Sorna*, 88 Mich. App. 351, 276 N.W.2d 892 (1979); Mich. Comp. Laws § 791.203 ("Commission; director of corrections, qualifications, salary, powers and duties"); Mich. Comp. Laws § 791.233d ("Prisoners serving sentences for certain criminal sexual conduct offenses; conditions for parole, placement in community facilities, or discharge upon completion of maximum sentence; blood and saliva samples, DNA identification profiling"); as well as MDOC Policy Directives 03.02.130 ("Prisoner/Parolee Grievances"), 03.04.115 ("Control of Tuberculosis in Offenders"), 04.06.150 ("Dental Services"), 04.06.160 ("Medical Details and Special Accommodation Notices") and 03.04.107 ("Advance Directives for Health Care"). Doc. Ent. 1 at 1-2, 5, 15, 25.

Despite these citations, and even though "[n]o technical form is required[,]" Fed. R. Civ. P, 8(d)(1), plaintiffs would be better served by amending their complaint so that "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." Fed. R. Civ. P. 10(b).

**4.**      As for Fed. R. Civ. P. 8(a)(3), the complaint sets forth twelve (12) paragraphs of "Relief Requested," Doc. Ent. 25-28.

**5.**      Defendants Khan and Mass's December 3, 2010 motion for a more definite statement (Doc. Ent. 62) sought an order "directing Plaintiffs to file a more definite statement of their claims, including but not limited to specific dates, times, and locations, as to each named Defendant." Doc. Ent. 62 at 3-4. Likewise, defendant Piper's January 13, 2011 motion for a

more definite statement (Doc. Ent. 86) sought an order "directing Plaintiffs to file a more definite statement of their claims, including but not limited to specific dates, times, and locations, as to each named Defendant."  Doc. Ent. 86 at 3.

Upon consideration, the Court should grant these motions.  Plaintiffs' responses to these motions appear to provide details as to plaintiffs' claims.  Doc. Ent. 69 at 1-12, Doc. Ent. 89 at 1-9.  However, each of defendants' replies aver that plaintiffs' responses fail to address all defendants named in plaintiffs' complaint and fail to present each claim for relief in a separate count.  Doc. Ent. 75 at 2-3, Doc. Ent. 92 at 2-4.  In addition, defendant Piper's February 3, 2011 reply (Doc. Ent. 92) avers that plaintiffs' January 24, 2011 response (Doc. Ent. 89) "fails to provide a short and plain statement of their claim pursuant to Fed. R. Civ. P. 8[.]" Doc. Ent. 92 at 4-5.  Then, in their February 18, 2011 sur-reply, plaintiffs set forth paragraphs with respect to defendants Mass, Khan, Piper, Hammond, Morris, Lange, Stieve, Pramstaller, Caruso, the MDOC, Armstrong, McMillan, Lesley and Fundunburks.  Doc. Ent. 102 ¶¶ 1-10, 12-15.

However, on February 25, 2011, defendants Khan, Mass and Piper filed a reply.  Doc. Ent. 108.  They specifically argue that plaintiffs' February 18, 2011 filing (Doc. Ent. 102) "is an impermissible sur-reply that should be stricken and/or not considered by this Court[,]" and "fails to provide a short and plain statement of their claim pursuant to Fed. R. Civ. P. 8[.]"  Doc. Ent. 108 at 3-5.

In the end, defendants Khan, Mass and Piper argue that "[p]laintiffs should be ordered to provide a more definite statement of their claims, in which Plaintiffs set forth, in a single pleading, each claim as to each Defendant, the specific dates, times, and locations necessary to

link the alleged acts and events with each named Defendant, and each claim for relief in a separate count, as required by Fed. R. Civ. P. 10(b)."  Doc. Ent. 108 at 5.

The Court should agree and should permit plaintiffs to file a more definite statement - in the form of an amended complaint - which complies with Fed. Rules Civ. P. 8 and 10.  Plaintiffs' responses (Doc. Ent. 69, Doc. Ent. 89) and the sur-reply (Doc. Ent. 102) attempt to provide a more definite statement but are incomplete and needlessly complex.  Plaintiffs should be given an opportunity to file a more definite statement in the form of an amended complaint, and this amended pleading may include the details provided in the responses and sur-reply to the extent necessary.

Any order permitting plaintiffs an opportunity to file a more definite statement in the form of an amended complaint should include a deadline by which to do so and should place plaintiffs on notice that (1) the first amended complaint, once filed, will supercede the original complaint, E.D. Mich. LR 15.1; (2) the first amended complaint must comply with the Federal Rules of Civil Procedure - especially Rules 8 and 10; (3) the first amended complaint should specify against which defendants each of the violations are asserted and should describe the underlying actions which support the alleged violation; (4) the first amended complaint is subject to a Fed. R. Civ. P. 12(e) motion for more definite statement or a Fed. R. Civ. P. 12(b)(6) motion to dismiss pursuant to the standards recently discussed in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (May 18, 2009); and (5) the first amended complaint shall be restricted in scope to the parties and claims named in the

original complaint, and any attempt to assert claims beyond the scope of the original complaint will not be permitted.[9]

## H.     Plaintiffs' Complaint Suffers from Some Deficiencies, but a Rule 12(b)(6) Motion (Doc. Entries 24, 32, 44, 63 and 96) is Better Addressed after Plaintiffs Have Had an Opportunity to File a More Definite Statement.

Five (5) of defendants' dispositive motions argue that plaintiffs' complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(6). *See* Doc. Ent. 24 at 1-2, Doc. Ent. 32 at 1-3, Doc. Ent. 44 at 1-2, Doc. Ent. 63 at 1-5 and Doc. Ent. 96 at 1-5. "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required.  But a party may assert the following defenses by motion: . . . (6) failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6).

Among the MDOC defendants' dispositive motions are the arguments that "[d]ismissal is further warranted pursuant to Fed. R. Civ. P. 12(b)(6) because the inmates aver no facts evincing these defendants' personal involvement in unconstitutional activity and the action is barred by immunity[,]" Doc. Ent. 24 at 2 ¶ 3; "[t]he [official capacity] claims are barred by Eleventh Amendment immunity[,]" and "[t]he Defendants are entitled to dismissal for failure to state a claim and on the basis of qualified immunity in their individual capacities[,]" Doc. Ent. 32 at 1-2 ¶¶ 1-2; "[t]he allegation fails to state cognizable claims against Defendant Armstrong, warranting dismissal pursuant to Fed. R. Civ. P. 12(b)(6)[,]" "[t]he plaintiff's individual capacity claims are barred by the doctrine of qualified immunity[,]" and "Defendant Armstrong is entitled to Eleventh Amendment immunity in his official capacity[,]" Doc. Ent. 44 at 2 ¶¶ 3-5.

---

[9]As noted at the outset of this report and recommendation, plaintiffs' January 18, 2011 motion to join claims of inhumane monstrous living conditions at NCF (Doc. Ent. 87) will be addressed under separate cover.

Among the CMS / PHS defendants' dispositive motions are the arguments that "Plaintiffs have not stated a claim of deliberate indifference against Defendant Dr. Khan[,]" Doc. Ent. 63 at 4 ¶ 14; "Plaintiffs have not established [the First Amendment retaliation claim] factors[,]" Doc. Ent. 63 ¶ 16; "claims older than March 26, 2007 are beyond the statute of limitations, as the Complaint was filed on March 26, 2010[,]" Doc. Ent. 63 ¶ 17. These arguments are repeated by defendant Piper. Doc. Ent. 96 ¶¶ 14, 16 and 17.

In light of my recommendation that the motions for a more definite statement be granted and that plaintiffs be permitted to file a more definite statement in the form of an amended complaint, the defendants' Rule 12(b)(6) motions should be denied without prejudice. Nonetheless, plaintiffs should heed the arguments presented by defendants when drafting their more definite statement in the form of an amended complaint. For example:

**1.      The Eleventh Amendment Permits an Action for Damages against Defendants in Their Personal Capacities.**

a.      Plaintiffs sue defendants in their official and personal capacities. Doc. Ent. 1 at 3 ¶ 8. Also, plaintiffs seek injunctive and monetary relief. Doc. Ent. 1 at 25-28 ¶¶ 1-12.

Defendants McMillan, Lesley and Lange argue that "the claims asserted against the defendants in their official capacities are barred by the Eleventh Amendment." Doc. Ent. 32 at 5. Defendants Caruso, Stieve and Pramstaller argue that "the Eleventh Amendment bars official capacity claims." Doc. Ent. 24 at 4. And, defendant Armstrong argues that "[t]he plaintiffs' official capacity claims § 1983 claims are barred by the Eleventh Amendment; and the plaintiffs have averred no facts implicating the ADA or the RA[,]" Doc. Ent. 44 at 12-13.

b.      **Official Capacity:** The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or

15

prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. CONST. amend. XI.  Although the amendment expressly prohibits only suits against states by citizens of other states, the Supreme Court has long held that the Eleventh Amendment also bars suits by citizens of the state being sued.  *See Hans v. Louisiana*, 134 U.S. 1, 15 (1890); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984) (citing *Hans*); *Welch v. Texas Dep't of Highways and Public Transp.*, 483 U.S. 468, 472-73 (1987) (plurality opinion); *Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356, 363 (2001).[10]

"[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also, Papasan v. Allain*, 478 U.S. 265, 276 (1986).  *See also Alabama v. Pugh*, 438 U.S. 781, 782 (1978) ("[S]uit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless [Michigan] has consented to the filing of such a suit.").  Furthermore, as the Supreme Court made clear in *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989), Section 1983 "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties.  The Eleventh Amendment bars such suits unless the State has waived its immunity, or unless

---

[10]*See also Mumford v. Basinski*, 105 F.3d 264, 268 n.3 (6th Cir. 1997) ("This constitutional mandate has long been liberally construed by the Supreme Court to extend state immunity to federal suit to reach actions potentially initiated by any person against an unconsenting state, including causes inaugurated by a citizen or citizens of the subject state itself, as well as certain other classes of litigation.")

Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity." *Will*, 491 U.S. at 66 (internal citations omitted).[11]

"Obviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will*, 491 U.S. at 71 (citing *Brandon v. Holt*, 469 U.S. 464, 471 (1985)). *See also*, *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985). "As such, it is no different from a suit against the State itself." *Will*, 491 U.S. at 71. Therefore, such a suit is barred by the Eleventh Amendment.

Here, the MDOC defendants are state officials, and plaintiffs' claims against them in their official capacities for damages are therefore barred by the Eleventh Amendment.[12]

**c.    Personal / Individual Capacity:** "[A] suit challenging the constitutionality of a state official's action is not one against the State." *Pennhurst State School & Hosp. v. Halderman*, 465

---

[11]"There are . . . three qualified exceptions to Eleventh Amendment immunity[.]" *Lawson v. Shelby County, TN*, 211 F.3d 331, 334 (6th Cir. 2000). "First, a state may waive the protection of the Amendment by consenting to the suit." *Lawson*, 211 F.3d at 334. "The state of Michigan has not consented to civil rights suits in the federal courts[.]" *McFadden v. Commissioner of Social Security*, 5 Fed.Appx. 388, 390 (6th Cir. 2001) (referencing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir.1986)).

"The second exception to the Eleventh Amendment bar is that Congress, under certain provisions of the Constitution, may abrogate the sovereign immunity of the states through statute." *Lawson*, 211 F.3d at 334. "Congress has not chosen to abrogate the states' immunity for suits under §§ 1981, 1983, and 1985(3)[.]" *Hines v. Mississippi Dept. of Corrections*, No. 00-60143, 2000 WL 1741624, 3 (5th Cir. Nov. 14, 2000)).

"Under the third exception, a federal court may enjoin a 'state official' from violating federal law." *Lawson*, 211 F.3d at 335 (citing *Ex parte Young*, 209 U.S. 123 (1908)). To come within this exception, the relief sought by the plaintiff must be (1) against a state official; (2) for prospective injunctive relief; and (3) to remedy a continuing violation of federal law. *Strahan v. Coxe*, 127 F.3d 155 (1st Cir. 1997) (citing *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 73 (1996)). *See also Verizon Maryland, Inc. v. Public Serv. Comm'n of Maryland*, 535 U.S. 635, 645 (2002).

[12]However, plaintiff may seek injunctive relief from a state official sued in his or her official capacity. *Will*, 491 U.S. at 71 n. 10.

U.S. 89, 102 (1984).  Here, plaintiffs are, at least in part, challenging the constitutionality of

defendants' actions.  To the extent plaintiffs are doing so, they may sue defendants for damages in

their personal capacities, because "state officials, sued in their individual capacities, are 'persons'

within the meaning of § 1983.  The Eleventh Amendment does not bar such suits, nor are state

officers absolutely immune from personal liability under § 1983 solely by virtue of the 'official'

nature of their acts."  *Hafer v. Melo*, 502 U.S. 21, 31 (1991).

For the foregoing reasons, plaintiff should be cautioned that the Court will only consider

such claims against defendants insofar as they are sued in their personal capacities to the extent

that plaintiffs seek monetary damages.

**2.** **Plaintiffs' More Definite Statement May Be Subjected to a Motion for Dismissal asserting the affirmative defenses that plaintiffs' claims are barred by the applicable statute of limitations or that plaintiffs have not exhausted their applicable administrative remedies.**

**a.** Defendants Khan and Piper argue that "[t]he statute of limitations for a claim under 42

U.S.C. § 1983 is three (3) years[,]" Doc. Entries 63 and 96 ¶ 17.  In doing so, they rely upon

*Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. Mich. 1986) ("the present section 1983 action was

subject to the three-year statute of limitations for personal injury claims set forth in MCLA §

600.5805(8)"); Mich. Comp. Laws § 600.5805(10) ("The period of limitations is 3 years after the

time of the death or injury for all other actions to recover damages for the death of a person, or for

injury to a person or property."); and *Garland v. Shapiro*, 579 F. Supp. 858, 859 (E.D. Mich.

1984) (Feikens, C.J.) ("The parties concede that in actions of this sort the applicable statute of

limitations is Michigan's three-year limitation for general injuries to the person.") (citing

M.C.L.A. § 600.5805(8) and *Marlowe v. Fisher Body*, 489 F.2d 1057 (6th Cir.1973)).

Without opining regarding the applicable statutes of limitations on plaintiffs' claims, plaintiffs should be aware that their More Definite Statement / First Amended Complaint may be subjected to a motion for dismissal by defendants on the basis that the claims are barred by the applicable statute of limitations.

**b.**     The December 3, 2010 motion (Doc. Ent. 63 ¶¶ 7-12) and the February 9, 2011 motion (Doc. Ent. 96 ¶¶ 7-12) by CMS/PHS defendants are also motions for summary judgment, wherein defendant Khan argues he "is entitled to dismissal under 42 U.S.C. § 1997e(a) due to plaintiffs' failure to properly exhaust administrative remedies[,]" Doc. Ent. 63 at 16-20, and defendant Piper argues he "is entitled to dismissal under 42 U.S.C. § 1997e(a) due to plaintiffs' failure to properly exhaust administrative remedies[,]" Doc. Ent. 96 at 16-20.

42 U.S.C. § 1997e provides, in part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a) ("Applicability of administrative remedies").  Among the cases cited by defendants are *Jones v. Bock*, 549 U.S. 199 (2007); *Woodford v. Ngo*, 126 S. Ct. 2378 (2006); *Porter v. Nussle*, 534 U.S. 516 (2002) and *Booth v. Churner*, 531 U.S. 956 (2001).

Section § 1997e(a)'s "exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences."  *Porter*, 534 U.S. at 520.  "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter*, 534 U.S. at 532.  In *Jones*, the Supreme Court held that "failure to exhaust is an affirmative defense under the PLRA," and "inmates are not required to specially plead or

19

demonstrate exhaustion in their complaints." *Jones*, 549 U.S. at 216. "Compliance with prison

grievance procedures . . . is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 549

U.S. at 218. "Congress has provided in § 1997e(a) that an inmate must exhaust irrespective of the

forms of relief sought and offered through administrative avenues." *Booth*, 532 U.S. at 741 n.6

(2001). "[P]roper exhaustion of administrative remedies is necessary." *Woodford*, 548 U.S. at

84.

**3.      It would be more judicially economic to address the Rule 12(b)(6) arguments after plaintiffs submit a more definite statement in the form of an amended complaint which complies with Rules 8 and 10.**

As described above, of the eighteen (18) pending motions in this case, eight (8) of them

are defense motions, most of which challenge the adequacy of plaintiff's complaint: the

dispositive motions  cite Fed. R. Civ. P. 12(b)(6) (Doc. Entries 24, 32, 44, 63 and 96) and the

motions for a more definite statement cite Fed. R. Civ. P. 12(e) (Doc. Entries 62 and 86).

Whatever deficiencies exist in plaintiffs' March 26, 2010 complaint (Doc. Ent. 1), it is

clear that plaintiff intends to bring federal and state law claims. *Haines*, 404 U.S. at 520. The

Court could invest a tremendous amount of time in deciding the defendants' Fed. R. Civ. P.

12(b)(6) motions; however, it makes little sense to do so where, as recommended above, plaintiffs

should be permitted to file a more definite statement in the form of an amended complaint which

complies with Fed. R. Civ. P. 8 and Fed. R. Civ. P. 10.

This approach is consistent with Fed. R. Civ. P. 15(a)(1) as amended during 2009. Fed. R.

Civ. P. 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course

within:  (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is

required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."

As noted above, plaintiffs filed their complaint on March 26, 2010.  Doc. Ent. 1.  The initial motion to dismiss was filed on August 9, 2010 (Doc. Ent. 24).  "Under the recently amended Federal Rule of Civil Procedure 15(a)(1)(B), after a defendant files a motion to dismiss, a plaintiff has twenty-one days to amend the complaint once as a matter of course. After twenty-one days, the plaintiff must get leave to amend. Fed.R.Civ.P. 15(a)(2)."  *U.S. ex rel. McCurdy v. General Dynamics Nat. Steel and Shipbuilding*, No. 07-982, 2010 WL 1608411, 1 (S.D. Cal. Apr. 20, 2010).  *See also Straley v. Thomas Logistics, LLC*, No. 2:10-2, 2010 WL 2231399, 1 (W.D.N.C. Mar. 18, 2010) ("Under newly amended Rule 15(a)(1)(B)[,] such amendment filed two days after Bekins' first Motion to Dismiss was timely.").

Therefore, plaintiffs would have been able to amend their complaint without the Court's permission had they done so on or about September 2, 2010.  *See* Fed. R. Civ. P. 6(a)(1), Fed. R. Civ. P. 6(d).

## 4.    Conclusion

Upon consideration, the Court should deny the three (3) motions to dismiss by MDOC defendants (Doc. Entries 24, 32 and 44) and the two (2) motions for a more definite statement by CMS/PHS defendants (Doc. Entries 62 and 86) without prejudice to renewal after plaintiffs are given an opportunity to file their more definite statement in the form of an amended complaint which complies with Fed. Rules Civ. P. 8 and 10.  Not only do the aforementioned Rule 8 and Rule 10 deficiencies exist, but also it would be a more prudent use of the Court's time to wait until after such an amendment to assess whether plaintiffs' complaint can withstand a Fed. R. Civ.

21

P. 12(b)(6) motion to dismiss.  In other words, it would be more prudent for the Court to deny the

MDOC defendants' motions to dismiss (Doc. Entries 24, 32 and 44) and the CMS / PHS

defendants' dispositive motions (Doc. Entries 63 and 96) without prejudice and to address the

merits of their Fed. R. Civ. P. 12(b)(6) arguments - such as the failure to state First Amendment

retaliation or Eighth Amendment deliberate indifference claims, as well as Eleventh Amendment

Immunity and/or Statute of Limitations arguments - following the filing of plaintiffs' more

definite statement, providing plaintiffs take advantage of the opportunity to do so.

**I.      Dismissal under Rule 41(b) (Doc. Ent. 24) Would Be Premature.**

**1.**      In their August 9, 2010 motion, defendants Caruso, Stieve and Pramstaller argue that

"[t]he inmates purport to assert claims on behalf of themselves and other prisoners in a rambling,

incoherent filing which fails to comport with basic pleading requirements. The Complaint should

be dismissed pursuant to Fed. R. Civ. P. 41(b) insofar as it fails to comport with basic pleading

requirements[,]" Doc. Ent. 24 at 2 ¶ 2.  *See also* Doc. Ent. 24 at 9-10.

         Fed. R. Civ. P. 41(b) provides, "[i]f the plaintiff fails to prosecute or to comply with these

rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless

the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not

under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party

under Rule 19--operates as an adjudication on the merits."

         The Court should conclude that dismissal of plaintiff's complaint pursuant to Fed. R. Civ.

P. 41(b) on the basis that plaintiff has not complied with the rules of this Court is not warranted at

this time.  However, if plaintiffs file a more definite statement in the form of an amended

complaint, and, if that complaint does not comply with the Federal Rules of Civil Procedure,

particularly Rules 8, 10 and 12, plaintiffs' complaint may be subject to a Rule 41(b) dismissal.

*See Birkholz v. Montana*, 22 Fed.Appx. 797, 798 (9th Cir. 2001) ("Birkholz failed to amend his

complaint to comply with Federal Rule of Civil Procedure 8(a)(2), as directed by the magistrate

judge's order of November 27, 2000. The magistrate judge warned Birkholz that failure to comply

could lead to dismissal, and, prior to dismissing [under Rule 41(b)], the district court properly

considered all relevant factors [to dismiss a case for failure to comply with a court order].")

(citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-1261 (9th Cir. 1992)).

**2.**     Alternatively, defendants Caruso, Stieve and Pramstaller argue, "in the event the Court

declines to exercise its dismissal authority under Rule 41(b), Defendants request that the Court

exercise its screening authority under the PLRA in the event the plaintiffs are permitted to

proceed with this action."  Doc. Ent. 24 at 10.  The screening statute provides:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any
> event, as soon as practicable after docketing, a complaint in a civil action in which
> a prisoner seeks redress from a governmental entity or officer or employee of a
> governmental entity.
>
> (b) Grounds for dismissal.--On review, the court shall identify cognizable claims
> or dismiss the complaint, or any portion of the complaint, if the complaint--
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief
> > may be granted; or
> >
> > (2) seeks monetary relief from a defendant who is immune from
> > such relief.
>
> (c) Definition.--As used in this section, the term "prisoner" means any person
> incarcerated or detained in any facility who is accused of, convicted of, sentenced
> for, or adjudicated delinquent for, violations of criminal law or the terms and
> conditions of parole, probation, pretrial release, or diversionary program.

28 U.S.C. § 1915A ("Screening").

23

However, the request to screen plaintiffs' claims pursuant to 1915A is akin to the standard applied in evaluating whether to dismiss an action for failure to state a claim. *Jemison v. Wise*, No. 09-15997, 2010 WL 2929692, 2 (11th Cir. July 28, 2010) ("The standards that apply to a dismissal under Fed.R.Civ.P. 12(b)(6) apply to a dismissal under § 1915A(b)(1)); *Tassin v. Correctional Center Lafayette Parish*, 338 Fed.Appx. 412, 413 (5th Cir. 2009) ("Because the district court dismissed Tassin's suit pursuant to both 28 U.S.C. §§ 1915(e)(2)(B)(I) and 1915A(b)(1), review is de novo, *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir.2005), using the same standard of review applicable to Federal Rule of Civil Procedure 12(b)(6) dismissals, *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir.1999)."); *Sanders v. Sheahan*, 198 F.3d 626, 626 (7th Cir. 1999) ("That is how an ordinary Rule 12(b)(6) dismissal is reviewed, *e.g.*, *Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir.1997), and we cannot think of any reason why the identical ground for dismissal under section 1915A(b)(2) should be treated differently."); *Potter v. Colorado Dept. of Corrections*, 2010 WL 2730616, 2 (D. Colo. 2010) ("Therefore, the DOC is entitled to Eleventh Amendment immunity and will be dismissed as a party to this action pursuant to § 1915A(b)(2).").

My recommendation does not run afoul of the cases which state that a plaintiff should not be afforded an opportunity to amend to avoid a sua sponte dismissal under 28 U.S.C. § 1915A ("Screening"). *See Cantley v. Armstrong*, No. 09-1092, 2010 WL 3245548, 1 (6th Cir. Aug. 17, 2010) ("Because we have 'held that the district courts are not to permit plaintiffs to amend a complaint to avoid dismissal' pursuant to 28 U.S.C. § 1915A, *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir.1999), the district court was correct in dismissing the complaint, and Cantley's argument that the court should have granted him leave to amend the complaint is without merit.");

*Clayton v. U.S. Department of Justice*, 136 Fed.Appx. 840, 842 (6th Cir. 2005) ("In contrast to cases governed by the more lenient Federal Rules of Civil Procedure (where notice pleading is sufficient, *see* Fed.R.Civ.P. 8(a), and where leave to amend is freely given when justice requires, *see* Fed.R.Civ.P. 15(a)), "a plaintiff in a case covered by the PLRA may not amend his complaint to avoid a sua sponte dismissal.") (quoting *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir.2002)). *See also Clark v. Corrections Corporation of America*, 113 Fed.Appx. 65, 68 (6th Cir. 2004) ("the district court properly denied plaintiff's motion to alter or amend the judgment and to amend his complaint because district courts are not to permit plaintiffs to amend a complaint to avoid dismissal pursuant to Prison Litigation Reform Act screening provisions.") (referencing *Benson* and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997)); *Baker v. Thomas*, 86 Fed.Appx. 906, 909 (6th Cir. 2004) ("the law in this circuit is clear that the district court, in performing its initial review, should only consider the complaint and that the plaintiff should not be given the opportunity to amend to avoid sua sponte dismissal.") (citing *Baxter* and *McGore*).

Here, the complaint is not being screened under 28 U.S.C. § 1915A. Instead, certain CMS / PHS defendants have filed motions for a more definite statement, and I have concluded that these motions should be granted and that plaintiffs should be permitted to file a more definite statement in the form of an amended complaint which complies with Fed. Rules Civ. P. 8 and 10.

Not only would a 28 U.S.C. § 1915A screening of the complaint (Doc. Ent. 1) be akin to addressing whether plaintiffs' claims therein would survive a Rule 12(b)(6) motion - a situation I addressed above with respect to judicial economy - but also it does not make sense for the Court to grant the MDOC defendants' request to screen the original March 26, 2010, twenty-eight (28)

page complaint while at the same time permitting plaintiffs to clarify their claims by filing an amended pleading which complies with Fed. Rules Civ. P. 8.

**J.     Plaintiff's Motions for Entry of Default Judgment as to Defendants Lesley, McMillan and Lange (Doc. Entries 34 and 37) Should Be Denied.**

On July 13, 2010, the Clerk of the Court issued summonses as to defendants "Leseley Fundunburks" at TCF (Doc. Ent. 10 at 21-22), "L. McMillan" at TCF (Doc. Ent. 10 at 23-24) and "Nancy Lang" at TCF (Doc. Ent. 10 at 17-18).  On August 5, 2010, plaintiff Menefee allegedly made his second attempt at service by sending three (3) complaints and summonses to the Litigation Department at the G. Robert Cotton Correctional Facility (JCF).  Doc. Ent. 34 at 3.[13]

The Attorney General filed an appearance of counsel on behalf of defendant Crystal Lesley, as well as Larry McMillan and Nancy Lange, on August 27, 2010.  Doc. Ent. 31.  That same day, McMillan, Lesley and Lange filed the aforementioned Fed. R. Civ. P. 12(b)(6) motion to dismiss.  Doc. Ent. 32.

By a motion dated September 1, 2010 and filed September 2, 2010 (Doc. Ent. 34), plaintiffs request entry of default judgment as to defendant Lesley.  Plaintiffs' motion is based upon Fed. R. Civ. P. 55 ("Default; Default Judgment") and M.C.R. 2.603 ("Default and Default Judgment").  Therein, plaintiffs claim that "the order of summons required a response within 21 days of receipt of summons; however[,] the defendant has failed to respond by representation of an attorney . . . or in person."  Doc. Ent. 34 at 1.  By a motion dated September 20, 2010 and filed

---

[13]In a letter dated August 2, 2010, the MDOC informed Menefee that McMillan could be served at the G. Robert Cotton Correctional Facility (JCF).  Doc. Ent. 22.

In a letter dated August 2, 2010, the MDOC informed Menefee that Lange could be served at Lakeland Correctional Facility (LCF).  Doc. Ent. 15.

September 21, 2010, plaintiffs requesting entry of default judgment as to defendants Lesley, McMillan and Lange.  Doc. Ent. 37.  This motion is based upon Fed. R. Civ. P. 55.

It is not clear on which date defendants Lesley, McMillan and Lange received copies of the summonses and complaints apparently mailed by plaintiff on August 5, 2010.  However, in light of counsel's appearance on their behalf (Doc. Ent. 31) and in light of their filing of a dispositive motion (Doc. Ent. 32), each of which was filed on August 27, 2010 or twenty-two (22) days after plaintiffs attempted service, the Court should deny plaintiffs' requests for entry of default judgment as to defendants Lesley, McMillan and Lange.

## III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address

specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 3/2/11

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and by electronic means or U.S. Mail on March 2, 2011.

s/Eddrey Butts
Case Manager

28