UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUEBEN HERRERRA and RICO MENEFEE,

      Plaintiffs,

v.

                    CASE NO. 5:10-CV-11215
                    JUDGE JOHN CORBETT O'MEARA
                    MAGISTRATE JUDGE PAUL KOMIVES

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

      Defendants.
_____/

## REPORT AND RECOMMENDATION ON THE PARTIES' VARIOUS MOTIONS TO STRIKE (docket #123, 133, 159, 162, and 166)

I.    RECOMMENDATION: The Court should deny each of the motions to strike filed by the parties.

II.    REPORT:

A.    *Procedural Background*

This prisoner civil rights action involves claims of two plaintiffs, mostly directed against the adequacy of their medical care. There are currently pending before the Court twenty-six separate motions filed by the parties. A detailed procedural and factual background is set forth in my Report addressing the parties' dispositive motions. The motions are addressed in separate Orders and Reports entered on this date. This Report addresses the five motions to strike filed by the parties. For the reasons that follow, the Court should deny each of the motions.[1]

---

[1] The courts are in disagreement as to whether such a motion to strike constitutes a non-dispositive matter subject to determination by a magistrate judge. *Compare Mandy v. Minnesota Mining & Mfg. Co.*, 940 F. Supp. 1463, 1466 (D. Minn. 1996) (applying *de novo* review to magistrate judge's recommendation on Rule 12(f) motion) *with Seneca Nation of Indians v. New York*, No. 93-CV-688A, 1994

B.     *Legal Standard*

Pursuant to FED. R. CIV. P. 12(f), upon motion of a party or upon its own motion "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). "A motion to strike under [Rule] 12(f) is generally not favored," *Mastrocchio v. Unnamed Supervisor Special Invest. Unit*, 152 F.R.D. 439, 440 (D.R.I. 1993), because such a motion "propose[s] a drastic remedy." *Wrench LLC v. Taco Bell Corp.*, 36 F. Supp. 2d 787, 789 (W.D. Mich. 1998) (quoting *Resolution Trust Corp. v. Vanderweele*, 833 F. Supp. 1383, 1387 (N.D. Ind.1993).

C.     *Analysis*

    1.     *Defendant Khan and Piper's Motion to Strike the Amended Complaint (docket #133)*

On March 2, 2011, I filed a Report recommending that the Court require plaintiffs to provide a more definite statement in the form of an amended complaint. The Court adopted the Report on March 22, 2011, and plaintiffs filed their amended complaint on April 6, 2011. On April 21, 2011, defendants Khan and Piper filed a motion to strike the amended complaint. Defendants argue that the amended complaint should be stricken because leave to amend would be futile under Rule 15(a), and because plaintiffs "have failed, still, to state a claim of deliberate indifference, and state claims beyond the statute of limitations." Br. in Supp. Def.s' Mot., at 2. As a matter of striking the

---

WL 688262, at *3 n.1 (W.D.N.Y. Oct. 28, 1994) (motion to strike under Rule 12(f) is a non-dispositive matter). Although the Sixth Circuit has not addressed this precise issue, it has held that striking of a pleading as a discovery sanction is considered a dispositive motion outside of a magistrate judge's authority to hear and determine pursuant to 28 U.S.C. § 636(b). *See Massey*, 7 F.3d at 508 (citing *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1463 (10th Cir. 1988)). In terms of effect–*i.e.*, whether the motion is dispositive or nondispositive–there is no reason to distinguish between a motion to strike under Rule 12(f) and a motion to strike under Rule 37. Accordingly, I conclude that I lack jurisdiction to determine either plaintiff's Rule 11 or Rule 12(f) motion, and I submit this Report and Recommendation in lieu of a determination.

amended complaint under Rule 12(f), these arguments are without merit.

As defendants recognize, my prior Report, which was adopted by the Court, explicitly required plaintiffs to file a more definite statement in the form of an amended complaint. Thus, no further leave was required, and any analysis under Rule 15(a) is inappropriate. With respect to defendants' argument that the amended complaint still fails to state a claim, that is an argument appropriate in a motion to dismiss under Rule 12(b)(6), but it is not a basis for striking the amended complaint under Rule 12(f). It is well established that a motion to strike is "neither an authorized nor a proper way to procure the dismissal of all or a part of a complaint." 5C CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1380 (3d ed.); *accord Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010); *Cash v. Frederick & Co.*, 57 F.R.D. 71, 78 (E.D. Wis. 1972). Defendants do not argue that the amended complaint contains any impertinent, redundant, or scandalous matter. Thus, the Court should deny defendant Khan and Piper's motion to strike the amended complaint.

2. *The Remaining Motions to Strike*

The remaining motions to strike request that the Court strike various motions, briefs, or other matter. Specifically:

- Plaintiff Herrerra's motion to strike defendants' defense to plaintiff's amended complaint, filed on April 6, 2011 (docket #123), seeks to strike defendants' response (docket #76) to plaintiff Herrerra's motion to amend his complaint (docket #70);

- Plaintiff Menefee's motion to strike, filed on June 29, 2011 (docket #159), seeks to strike defendant Khan and Piper's response (docket #155) to his motion to compel (docket #150);

- Defendants Piper, Khan, and Mass's motion to strike, filed on July 5, 2011 (docket #162), seeks to strike plaintiff Menefee's reply (docket #158) to their response to his motion to compel; and

- Defendants Khan and Piper's motion to strike, filed on July 13, 2011 (docket #166), seeks to strike an affidavit of another inmate (docket #161) filed by plaintiffs.

As noted above, Rule 12 provides that a "court may order stricken from any *pleading* any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f) (emphasis added). By its terms, the rule is limited to matters contained in pleadings. Under the Rules, pleadings are limited to "a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14, and a third-party answer, if a third-party complaint is served." FED. R. CIV. P. 7(a). Importantly, the rule provides that, except for a court-ordered reply to an answer, "[n]o other pleading shall be allowed." *Id.* Thus, motions, briefs, and affidavits do not constitute "pleadings" subject to Rule 12(f). *See Trujillo v. Board of Educ. of the Albuquerque Pub. Schs.*, 230 F.R.D. 657, 660 (D.N.M. 2005); *Thomas v. Bet Sound-Stage Restaurant/BrettCo., Inc.*, 61 F. Supp. 2d 448, 458 (D. Md. 1999). In short, "[t]he Federal Rules of Civil Procedure do not provide for a motion to strike documents or portions of documents other than pleadings." *United States v. Crisp*, 190 F.R.D. 546, 550 (E.D. Cal. 1999); *see also*, *VanDanacker v. Main Motor Sales Co.*, 109 F. Supp. 2d 1045, 1047 (D. Minn. 2000). Whether the briefs contain matters that are irrelevant to the issues to be decided in the various motions is, of course, a proper matter for consideration in deciding those motions. However, Rule 12(f) provides no warrant for striking these submissions, as they do not constitute pleadings subject to Rule 12(f). Accordingly, the Court should deny the remaining motions to strike.

D. *Conclusion*

In view of the foregoing, the Court should deny each of the motions to strike filed by the parties.

III.  NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 7/22/11

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and by electronic means or U.S. Mail on July 22, 2011.
>
>                                  s/Eddrey Butts
>                                  Case Manager